STATE *v.* WILLIAM MACK.

May Term, 1917.

Present: WATSON, C. J., HASELTON, POWERS, TAYLOR, and MILES, JJ.

Opinion filed October 8, 1917.

*No. 201, Acts 1912—Illegally Maintaining Posters—Evidence— Admissibility—"Field"—Exceptions—When Not Explicit —Constitutional Question—When Not Considered.*

In a prosecution for maintaining posters prohibiting fishing in a stream from which respondent had the exclusive right to take fish for more than one year after the waters thereof were last stocked by him, in violation of No. 201, Acts 1912, § 57, it is not necessary to show that the posters were of the size and description prescribed in the act, where the evidence tends to show that they attracted attention and were readable from a nearby highway, and that respondent had kept them up for the purpose and with the effect of keeping fishermen off the premises.

In such case, no error results from the admission in evidence of a deed to the respondent, under exception that there was no evidence that the posters were on the land described therein, there being evidence that respondent owned and occupied the premises covered by the deed, and that the posters complained of were on his home place.

The word "field," as used in this State, indicates cultivated land.

An exception not sufficiently explicit to raise the question relied upon will not be considered.

An exception to the failure of the court to charge that respondent
could not be convicted, in a prosecution under No. 201, Acts 1912,
§ 57, because the lands in question, claimed to belong to respondent,
were not enclosed or cultivated, is not sufficiently explicit to raise
the question whether the evidence showed that the land "through
which" the stream in question flowed was cultivated.

A constitutional question, not raised upon trial, but suggested for the
first time in Supreme Court, will not be considered.

INFORMATION for maintaining posters prohibiting fishing
in a stream from which respondent had the exclusive right to
take fish for more than one year after the waters thereof were
last stocked by him, in violation of No. 201, Acts 1912. Plea, the
general issue. Trial by jury at the December Term, 1916,
Windsor County, *Waterman,* J., presiding. Verdict, guilty.
Respondent excepted. The opinion states the case.

    *William Batchelder* and *Charles Batchelder* for respondent.

    *Bert E. Cole,* State's Attorney, for the State.

HASELTON, J. This is a prosecution, under the fish and
game law relating to private preserves, charging that the re-
spondent, having the exclusive right to take fish in a certain
stream in Woodstock, did unlawfully, more than one year after
the waters of the stream were last stocked by him with fish, main-
tain posters prohibiting fishing in the stream. Trial by jury
was had and verdict and judgment were for the State. The re-
spondent was sentenced to pay a fine of twenty dollars and costs
for the maintenance of two posters as found by the jury.

The fish and game law provides that an owner, or a person
having the exclusive right to hunt or trap upon enclosed land
or cultivated land not enclosed, or to take fish in a pond or stream,
who desires to protect his land or land over which he has such
exclusive control, shall maintain upon the land notices or sign-
boards, not less than two feet long and one foot wide, stating that
shooting, trapping or fishing is prohibited and giving the name
of such owner or person. As to waters the requirement is that
the posters shall show the date on which the waters were stocked.
Acts of 1912, No. 201 § 57. A later section of the act referred
to, provides that a person who maintains a poster, prohibiting

fishing, for more than one year after the waters were last stocked by him shall be fined ten dollars for each poster so maintained. § 60, id.

The evidence on the part of the State tended to show that June 25; 1915, the respondent maintained two posters on a farm owned and occupied by him as a home place, that the posters were along the side of a brook that ran through the farm, that the posters were alike, and that the following notice was on each: "Fishing on these premises is strictly prohibited. The waters of these premises was stocked in accord with Sec. 57 of No. 201 of the Acts of 1912. W. E. Mack."

The evidence on the part of the State further tended to show that the waters in question had not been stocked within a period of much more than one year previous to the date mentioned, but that the notices had long been maintained by the respondent. There was no direct evidence as to the size of the posters, but the testimony tended to show that they attracted observation and were readable from a highway nearby, and that the respondent kept them up for the purpose and with the effect of keeping fishermen off the premises.

The respondent by an exception made the claim, which he argues here, that because the posters were not shown to be at least two feet long and one foot wide, and because there was on them no date as to stocking, the posters were not within the prohibition of the statute, although maintained more than one year after the stocking. But we hold otherwise. The posters were strictly within the letter of the prohibitive provision of the statute, and were also within its meaning. The prohibition is so framed as to avoid by reference or implication, the idea that "a poster prohibiting fishing" can be maintained indefinitely after the last stocking of the waters provided it varies somewhat from the requirements of a poster sufficient to protect a private preserve stocked within a year.

The respondent's counsel in his brief says "No statute here under consideration is violated, unless the respondent maintained to view a poster that deceived some one into the belief that the waters were stocked, and that the poster was being maintained by virtue of section 57." We take this claim of the respondent to be substantially correct, and we find ample evidence tending to show that the respondent maintained to view such posters as the respondent's brief, in the above quotation, well described.

There was undisputed testimony that the land in question belonged to the respondent. His admissions to that effect were given in evidence. A deed to the respondent was introduced in evidence, under objection and exception, the exception to be available in case there was no evidence to show that the posters were on the land described in the deed. The connecting testimony was rather vague, but the town clerk, before producing the deed, testified to the effect that it was the deed of the premises occupied by the respondent, his home premises, and the testimony tended to show that the posters were on his home place. There was no error relating to the production of the deed, certainly no prejudicial error.

The respondent requested the court to charge that to entitle the State to a verdict of guilty it must appear that the lands in question, claimed to be those of the respondent, were either enclosed by fences or other actual bounds, or were cultivated lands; that the State had shown neither fact, and that therefore the respondent was entitled to an acquittal. This binding instruction the court did not give and the respondent excepted. The testimony tended to show that two posters were in the ''field'' of the respondent, and that on a part of this field close to the stream in question, a little brook, a potato crop was growing at the time in question. The word ''field'' frequently indicates cultivated land, as appears from the dictionaries, and in this State it naturally indicates such land; for while we speak of wood land, and pasture land, we speak of a wheat field, a cornfield, a potato field, etc.

The respondent does not controvert the proposition that some of the land in question was cultivated land, but says that the testimony falls short of showing that the land ''through which'' the stream flowed was cultivated, meaning, we suppose, that the evidence falls short of showing that the land across the brook from the potato field was cultivated. However, his exception was not sufficiently specific to raise that question, and therefore without passing upon its materiality we dismiss it without consideration. The trial court was not in error in failing to give the instruction requested.

After verdict and before judgment the respondent moved in arrest. The motion was overruled and the respondent excepted. The grounds of the motion were either too general to be considered, or related to claimed defects which, if real, were

cured by verdict, or else they related to exceptions in the prohibitive statute that did not constitute a material part of the definition of the offence denounced. All this sufficiently appears by reference to the opening part of this opinion.

The respondent suggests here a constitutional question, but it was not raised on trial and therefore we do not consider it. Exceptions not herein noted, were taken, but they are necessarily disposed of, adversely to the respondent, by the holdings already made.

*Judgment that there is no error in the proceedings and that the respondent take nothing by his exceptions.   Let execution be done.*